IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW C. GROSSMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FANNIE MAE; EICHLER, FAYNE & )<br>ASSOCIATES a/k/a EF&A Funding, )<br>LLC d/b/a Alliant Capital, LLC; and )<br>BYRON STEENERSON, an individual, )<br>)<br>Defendants. ) | Case No. CIV-10-329-L |

## **O R D E R**

This matter is before the court on the Motion to Dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) by defendants Fannie Mae and Eichler, Fayne & Associates ("EF&A") (collectively "defendants") **[Doc. No. 14]**. Plaintiff Andrew C. Grossman ("plaintiff" or "Grossman") filed an Objection to the Motion to Dismiss, and the defendants filed a reply brief, all of which the court has carefully considered. Based upon a review of the submissions of the parties and plaintiff's allegations, the court finds that the Motion to Dismiss should be granted, as set forth below.[1]

Initially, the court notes that defendants removed this case to federal court. Plaintiff's state-court petition is properly denominated a complaint in federal court and is reviewed for sufficiency under federal law and the Federal Rules of Civil Procedure. For purposes of this order, plaintiff's state-court petition will be referred

---

[1] The court file does not indicate that plaintiff has obtained service on the remaining defendant, Byron Steenerson, an individual. It appears that the action as to this defendant is also subject to dismissal since plaintiff has failed to serve this party within the time period provided under Fed. R. Civ. P. 4(m).

to as the complaint.  Under Fed. R. Civ. P. 8(a)(2), the complaint or amended complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief."  In considering a motion for dismissal under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).  In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007).  If the plaintiff fails to nudge its claims across the line from conceivable to plausible, the complaint must be dismissed.  Id.  If the complaint is sufficiently devoid of facts necessary to establish liability that it "encompass[es] a wide swath of conduct, much of it innocent," a court must conclude that a plaintiff has not nudged its claims across the line from conceivable to plausible.  Robbins v. Oklahoma ex rel. Dep't of Human Servs., 519 F.3d 1242, 1247 (10th Cir. 2008) (*quoting* Twombly, 127 S.Ct. at 1974).  The factual allegations must state a claim that is plausible, yet a "heightened standard of fact pleading" does not apply, nor must a complaint contain a "formulaic recitation of the elements of a cause of action."  Robbins, 519 F.3d at 1247.

After a preliminary statement of factual allegations common to all causes of action, plaintiff's complaint asserts the following claims: (1) "Wrongful Foreclosure & Intentional Impairment of Value of Collateral & Right to Credit"; (2) "Breach of

Contract, Including Breach of Covenant of Good Faith and Fair Dealing"; (3) "Fraud Claim – Intentional Misrepresentation or Constructive Fraud"; (4) "Prima Facie Tort"; (5) "Violation of Oklahoma Consumer Protection Act"; and (6) "Conspiracy".

With respect to these six claims alleged by plaintiff, defendants argue: (1) plaintiff's claims are barred under principles of claim and issue preclusion; (2) plaintiff fails to allege any specific contract or contract terms were breached; (3) the statute of limitations bars plaintiff's fraud claim, which is not alleged with the requisite particularity and which fails to show any duty to disclose; (4) there is no cause of action for "Prima Facie Tort"; (5) the Oklahoma Consumer Protection Act is inapplicable to plaintiff's complaints; (6) plaintiff's conspiracy claim is barred by the statute of limitations, is not pled with the requisite particularity, and fails to allege the required elements; and (7) plaintiff lacks standing to allege "wrongful foreclosure & intentional impairment of value of collateral & right to credit" and has not alleged any improper conduct as the basis of his claim.

The court essentially adopts the statement of pertinent background facts provided by defendants in their dismissal motion. Although plaintiff has disputed some aspects of the statement of facts, the court finds that his objections are more in the nature of argument. The basic underlying facts are either undisputed or are superficially disputed in a way that does not prevent dismissal.

The facts reveal the following:[2]

1. Fannie Mae filed a foreclosure action on December 8, 2006, styled *Fannie Mae v. Heather Apartments Limited Partnership d/b/a Vintage Lakes Apartments and Andrew C. Grossman, et al.*, Case No. CJ-2006-10043 in the District Court of Oklahoma County, State of Oklahoma (the "Foreclosure Action").

2. The subject of the Foreclosure Action was the Vintage Lakes Apartments in Oklahoma City, which was owned solely by Heather Apartments Limited Partnership. Grossman was a guarantor of the loan to Heather Apartments Limited Partnership and was the principal owner of Heather Apartments Limited Partnership.

3. The personal property owned by Heather Apartments Limited Partnership included an inverse condemnation lawsuit against the City of the Village filed as *Heather Apartments Limited Partnership v. The City of the Village*, Case No. CJ-2006-10440 in the District Court of Oklahoma County, State of Oklahoma (the "Commercial Litigation Claim").

4. On August 7, 2007, Fannie Mae obtained a judgment in the Foreclosure Action ordering the real and personal property mortgaged to Fannie Mae to be sold (the "Foreclosure Judgment").

---

[2] Citations to the record are omitted, however, the court has carefully reviewed all the exhibits of the parties and takes judicial notice of all the underlying and related state court proceedings. Consideration of the materials in the state court file, as well as documents central to plaintiff's claims and referred to in the complaint, may be properly considered on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. *See* Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008).

5. The mortgaged property was set for sheriff's sale twice, once on October 4, 2007 and again on December 17, 2007, based on an appraised property value of $9.9 million, but the property was not sold at either sale. Fannie Mae did not bid at either sale. Grossman contends that Fannie Mae did not bid the minimum two-thirds of the $9.9 million appraised value at the sales as part of a plan to "force a lower appraisal." Yet no third-party bids were made at either sale.

6. Since no bids were made at either sale, an Order was entered in the Foreclosure Action on December 18, 2007, directing another appraisal of the property. Grossman contends an attorney for Fannie Mae had already discussed reappraisal of the property with the Oklahoma County Sheriff's office and understood the new appraisal would be lower than the first.

7. Grossman contends the sheriff's appraisers did not appraise all of the personal property owned by Heather Apartments Limited Partnership.

8. Fannie Mae purchased the property for $4 million at the third sheriff's sale on February 7, 2008, by application of credit against its Foreclosure Judgment. The sale was confirmed by the court in the Foreclosure Action. There was no appeal of the Order confirming the sale.

9. Fannie Mae then sought leave of court in the Foreclosure Action for entry of a deficiency on the judgment owed by Grossman.[3] On December 18, 2008, a Deficiency on Judgment was entered against Grossman for over $5 million.

---

[3] In the interim, Grossman had appealed the money judgment against him but the judgment was affirmed by the Oklahoma Court of Civil Appeals.

Grossman contends no value was given to the Commercial Litigation Claim in the Deficiency on Judgment. There was no appeal of the Deficiency on Judgment.

10. The Commercial Litigation Claim was subsequently litigated by the bankruptcy trustee for Heather Apartments Limited Partnership and judgment was entered dismissing the claim on summary judgment on March 26, 2010.

Given the fact that plaintiff's claims in this action arise from proceedings in the underlying state court Foreclosure Action that has resulted in a judgment against Grossman, the court must address whether plaintiff's claims are barred under the well settled principles of claim and issue preclusion. The parties agree that the preclusive effect of the Foreclosure Action to the claims in this case is governed by Oklahoma law. Valley View Angus Ranch, Inc. v. Duke Energy Field Services, Inc., 497 F.3d 1096, 1100 (10th Cir. 2007). The Tenth Circuit discussed the proper application of Oklahoma's preclusion principles in federal court, stating:

> A federal court must give to a state court judgment the same effect such judgment would have in the courts of that state. . . . *See* Fox v. Maulding, 112 F.3d 453, 456 (10th Cir. 1997). In Oklahoma, the doctrine of claim preclusion, also known as res judicata, precludes a party to the prior action "from relitigating not only the adjudicated claim but also any theories or issues that were actually decided or *could have been* decided in that action." Wilson v. Kane, 852 P.2d 717, 722 (Okla. 1993) (*citing* Restatement (Second) of Judgments (1982)). In other words, res judicata bars not only relitigation of those issues that were or might have been offered to sustain the claim, but also all defenses that were or might have been offered to defeat the claim. *See* Panama Processes, S.A. v. Cities Serv. Co., 796 P.2d 276, 291 (Okla. 1990); *accord* Fox, 112 F.3d at 458 (explaining that if plaintiffs had raised their claims in the prior action, "they might have been a complete defense"). Consistent with the foregoing, the Supreme Court has explained that a

6

judgment on the merits "'is a finality. . .not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.'" Nevada v. United States, 463 U.S. 110, 129-30, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983) (*quoting* Cromwell v. County of Sac, 94 U.S. 351, 352, 24 L.Ed. 195 (1876)).

To be sure, a party's failure to allege certain facts either as a defense or as a counterclaim does not always preclude that party from relying on those facts in a subsequent action. *See* Restatement (Second) of Judgments § 22 cmt. b (1982) (hereinafter "Restatement"). But where the successful pursuit of a federal claim based on such facts would undermine a prior state judgment or impair rights established thereby, such claim cannot survive application of res judicata principles. *See* Fox, 112 F.3d at 457-58 (applying Oklahoma preclusion principles an citing Restatement § 22(2)(b)); *accord* Circle v. Jim Walter Homes, Inc., 654 F.2d 688, 691-92 (10th Cir. 1981). "Judicial economy is not the only basis for the doctrine of res judicata. Res judicata also preserves the integrity of judgments and protects those who rely on them." Martino v. McDonald's Sys., Inc., 598 F.2d 1079, 1085 (7th Cir. 1979).

Copeman v. Ballard, 214 Fed. Appx. 739, 740-41 (10th Cir. 2007) (cited pursuant to Fed. R. App. P. 32.1) (footnotes omitted).

Mindful of these and other well-established authorities, it is clear to the court that plaintiff's complaint is comprised of claims and issues that were actually decided or could have been decided in the Foreclosure Action. In essence, plaintiff's lawsuit in this court seeks to undermine the consequences of the Foreclosure Action. Of course, this court does not sit to review or second-guess decisions of the state court. The court rejects plaintiff's argument that his claims should not be considered "compulsory" counterclaims that would be barred from relitigation under the principles of claim preclusion since they "were not mature at

pertinent times." A similar argument was properly rejected in <u>Turner v. Federal Deposit Ins. Corp.</u>, 805 P.2d 130, 132 (Okla. Ct. Civ. App. 1991). In that case, the plaintiff, Turner, argued that his counterclaim was not compulsory because it was not mature until after the previous judgment in a foreclosure action. Turner claimed that he had only suspicions of fraud at the time of the foreclosure action. The trial court found that the plaintiff was sufficiently cognizant of his claim such that he could have raised it in response to the bank's foreclosure claim. According to the court, if plaintiff needed additional time to develop the facts, "he should have requested it." <u>Id.</u> As aptly summarized by defendant in the brief in support of their dismissal motion [Doc. No. 14, p. 17 (citations to the record and footnote omitted)]:

> . . . Grossman was a party to the Foreclosure Action and represented by counsel during all three of the sheriff's sales. Grossman was aware Fannie Mae had not been willing to bid at the first two sheriff's sales and no one else was willing to make a bid. Grossman was also aware the property had been reappraised by the sheriff. Grossman asserts the collateral was worth over $20 million but he sat by silently when it was sold at sheriff's sale for $4 million. Given this remarkable disparity in alleged value, Grossman could and should have raised or pursued any concerns he had with the regularity of the sale or the amount of the deficiency on the judgment against him. As a party in the Foreclosure Action, Grossman also had full and fair opportunity to raise any counterclaims, objections or defenses to confirmation of the sheriff's sale or the entry of the deficiency on the judgment with respect to the manner of the sheriff's sale, whether the sale was not "commercially reasonable," or the propriety of Fannie Mae's independent appraisal, all issues now raised in the [complaint]. Having had a full and fair opportunity to litigate these issues, the Order confirming the sale and the Deficiency on Judgment are now final and conclusive. In addition to having the opportunity to litigate these issues at the time, Grossman could have but did not appeal the Foreclosure Judgment, the Order confirming sale, or the Deficiency on Judgment.

Not only does it appear that plaintiff had a full and fair opportunity to litigate his claims of "wrongful foreclosure" in the Foreclosure Action itself, it is clear that he had a great incentive to raise any concerns he may have had regarding irregularities surrounding the sheriff's sales, notices, or appraisals, or the alleged "devaluing" of the property, <u>before</u> the entry of judgment in the Foreclosure Action, not after. Failing that, Grossman's recourse was to pursue an appeal of the court's orders in the Foreclosure Action or to otherwise attack the judgment in state court. To emphasize, this court does not review or second-guess state court decisions. Grossman's claims in this lawsuit based on "Wrongful Foreclosure & Intentional Impairment of Value of Collateral & Right to Credit," as well as all his related claims based on "breach of the duty of good faith and fair dealing," fraud, prima facie tort, OCPA violations, and civil conspiracy, all of which seek to undermine the proceedings in connection with the Foreclosure Action, are barred under principles of claim and issue preclusion.

In light of this ruling, the court need not consider defendants' arguments for dismissal of the other claims. Plaintiff's remaining claims are derived from the facts underlying the Foreclosure Action. Plaintiff's claims clearly seek to ultimately overturn or un-do the state court proceedings in the Foreclosure Action, which this court cannot do. However, were the court to consider defendants' remaining arguments, the court finds that they would provide an alternative basis for dismissal of plaintiff's action.

Accordingly, the Motion to Dismiss by Defendants Fannie Mae and EF&A **[Doc. No. 14]** is **GRANTED** in its entirety.  For the above reasons, plaintiff's action as to all defendants is hereby **DISMISSED.**

It is so ordered this 30th day of September, 2010.

_____
TIM LEONARD
United States District Judge